USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
RUSSELL B. COHEN,                   :   Civil Action No.: 09-CV-1823
                                    :            (BSJ) (HP)
              Plaintiff,            :
                                    :   Rule 16 Conference Date:
     v.                             :   Sept. 22, 2009 at 11:00 a.m.
                                    :
THE NORTHWESTERN MUTUAL LIFE        :
INSURANCE COMPANY,                  :   JOINT DISCOVERY PLAN
                                    :   + PRETRIAL ORDER
              Defendant.            :
------------------------------------X

Pursuant to Federal Rule of Civil Procedure 26(f) and in anticipation of the Court's Scheduling Conference on September 22, 2009, the undersigned attorneys for Plaintiff Russell B. Cohen (hereinafter "Cohen"), by and through his attorneys, Quadrino & Schwartz, P.C., and for Defendant The Northwestern Mutual Life Insurance Company (hereinafter "NML"), by and through its attorneys, White and Williams LLP, hereby set forth the following Proposed Discovery Plan for the Court's approval.

1. **The Parties.**

   The parties to his action are as follows:

   a)  Plaintiff/Defendant on the Counterclaim Russell B. Cohen

   b)  Defendant/Counterclaimant The Northwestern Mutual Life Insurance Company

2. **Pleadings.**

   Attached hereto for the Court's reference as **Exhibit 1** is Cohen's Summons and Complaint, dated February 26, 2009. Also attached for the Court's reference as **Exhibit 2** is NML's Answer, Affirmative Defenses, Counterclaim and Jury Demand, dated July 23, 2009.

3. **Meeting of Counsel.**

Pursuant to Fed. R. Civ. P. 26(f), a telephonic conference between counsel for the parties was held on August 19, 2009, and the following discovery schedule was agreed upon.

4. **Settlement Discussions.**

There are no current and/or ongoing settlement discussions at this juncture.

5. **Discovery Plan.**

The following Scheduling Order is proposed pursuant to Fed. R. Civ. P. 26(f):

a) Disclosures pursuant to Fed. R. Civ. P. 26(a), if not already exchanged, shall be served by all parties by September 15, 2009.

b) The parties shall serve initial Requests for Production of Documents, Interrogatories and Requests for Admissions by October 1, 2009. [handwritten: 8 7+P]

c) The parties shall respond to any initial Requests for Production of Documents, Interrogatories and Requests for Admissions in accordance with the Federal Rules of Civil Procedure and the applicable Local Rules.

d) Factual discovery shall be completed by February 1, 2010.

e) The parties shall designate case-in-chief experts by March 1, 2010. Case-in-chief expert reports are due by March 15, 2010.

f) The parties shall designate responsive experts by April 1, 2010. Responsive expert reports are due by April 15, 2010.

g) All discovery shall be completed by June 1, 2010.

6. **Other Items.**

a) The deadline for motions to amend pleadings, including joinder of additional parties, is January 15, 2010.

{a. A settlement conference will be held on Feb. 3, 2010 at 10:00 a.m. My settlement procedures are attached}

b) Summary judgment motions, or other dispositive motions, shall be made at any time in accordance with the Federal Rules of Civil Procedure. Any party planning to make a dispositive motion must take the first action beginning the motion practice by July 1, 2010.

c) The Pre-Trial Order shall be completed and submitted to the Court by _Aug. 2, 2009_. {HBP}

7. **Amendment to Scheduling Order.**

This Scheduling Order may be altered or amended only upon a showing of good cause not foreseeable at the time of the conference or where justice so requires.

8. **Final Pretrial Conference.** {TO BE SET BY JUDGE JONES}

Cohen and NML shall appear in this Court for a Final Pretrial Conference on _____ at _____ a.m./p.m.

9. **Contact Information for Counsel.**

The names, addresses, phone numbers and signatures of counsel appearing in this action are as follows:

Plaintiff/Defendant on the Counterclaim's Counsel:

_____
Harold J. Levy (HL-1579)
Quadrino & Schwartz, P.C.
666 Old Country Road, Ninth Floor
Garden City, New York 11530
(516) 745-1122

Dated: August 28, 2009

Defendant/Counterclaimant's Counsel:

_____
Robert Wright (RW-0971)
White and Williams LLP
One Penn Plaza
41st Floor, Suite 4110
New York, New York 10119
(212) 244-9500

Dated: 9/2/09

Dated: 9-22-09

SO ORDERED:

*[signature]*
Henry Pitman, U.S.M.J.

5502724v.3

```
                                        BRUCE HAMPTON
                                        COURTROOM DEPUTY
                                        (212) 805-6112
```

**Procedures Applicable to Cases Referred for Settlement to Magistrate Judge Henry Pitman**

1. All settlement conferences are "off the record" and all communications to the magistrate judge relating to settlement are confidential.

2. I shall function as a mediator, attempting to help parties reach agreement on terms of settlement. Efficient use of this process requires that counsel and their clients be (1) prepared for the conference and (2) candid with the mediator.

3. No later than the Friday before the initial settlement conference, counsel for each party should submit a letter, <u>no longer than five pages</u>, clearly marked "CONFIDENTIAL MATERIAL FOR USE AT SETTLEMENT CONFERENCE," which need not be served on other parties, succinctly stating (1) the history of settlement negotiations; (2) counsel's evaluation of the settlement value of the case and the rationale for it (not simply an "opening bid"); and (3) any other facts that would be helpful to the mediator in preparation for the conference. To assure receipt no later than 4:00 p.m. on the due date, it is recommended that pre-conference submissions be faxed to 212-805-6111.

4. At the initial settlement conference, all counsel will be expected (in the presence of each other and the parties) to make a <u>brief</u> presentation (usually 10 minutes) summarizing (1) the issues of fact and law which they regard as dispositive; (2) the most recent offer or demand communicated to adverse counsel; and (3) any other matters they regard as material to settlement. Although the merits of the case are relevant to settlement value, counsel are reminded that settlement conferences are not adjudicatory in nature; discussions of legal issues should be simple and straightforward, with due regard to the importance of participation by the parties in the settlement process.

5. Where all parties are represented by counsel, I shall also meet separately with each side. In these meetings, the parties and their counsel should be prepared to discuss the bases for their stated position, the amount of attorneys' fees and litigation expenses incurred to date and an estimate of the cost of litigating the case to judgment. Where any party appears <u>pro se</u>, separate meetings are not ordinarily held.

6.  The presence in person of <u>parties</u>, as well as their lawyers, is essential to the mediation process. In particular, it is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. For these reasons, requests that parties be excused from the <u>initial</u> conference are rarely granted, unless a party is in prison or lives far away from New York City. Corporate parties or labor unions should send the person with decision-making authority who gives directions to the attorney of record. <u>Where liability insurance is involved</u>, a knowledgeable representative of the carrier should attend in addition to the insured. Where any government agency is a party, the attorney of record should be accompanied by a knowledgeable representative of the agency involved in the case, regardless of who has ultimate authority to recommend or approve settlement.

7.  If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

8.  Telephone requests for adjournment are not entertained. A request for adjournment must, if at all possible, be in the form of a <u>joint</u> letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when the attorneys and their clients will be available. In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9.  Except for pre-conference submissions pursuant to ¶ 3, all communications with chambers regarding pending cases must be in writing, sent by U. S. mail or facsimile transmissions, with copies to all counsel of record by means no less expeditious than that used to transmit the original.

10. If the case is settled prior to a scheduled conference, an adjournment of up to two weeks will be granted on <u>written</u> request solely for the purpose of submitting a stipulation of dismissal to be "so ordered" by the district judge.